IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN MCKITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-cv-673-WHA |
| ) | (WO) |
| ALABAMA ALCOHOLIC ) | |
| BEVERAGE CONTROL BOARD ) | |
| and JEFF ROGERS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

This cause is before the court on the Defendants' Bill of Costs (Doc. # 62) filed on October 22, 2013 in response to the court entering final judgment on September 25, 2013 (Doc. # 58). In that order, the court entered judgment in favor of the Defendants, Alabama Alcoholic Beverage Control Board and Chief Jeff Rogers, and taxed costs to the Plaintiff, Stephen McKitt. On November 4, 2013, the Plaintiff filed an Objection to the Defendants' Bill of Costs (Doc. # 68), and on November 18, 2013, the Defendants filed a Reply to the Plaintiff's Objection to the Bill of Costs (Doc. # 71).

The Plaintiff objects to all costs on the basis of his financial circumstances. In addition, the Plaintiff makes several specific objections to the following: electronic disks and condensed versions of all deposition transcripts; the depositions of two plaintiffs in a sister case, Valencia

Aaron and Stacy Taylor; the deposition of the Plaintiff's physician, Dr. Maria Tabino; the deposition of the Plaintiff in this case; the Defendants' requested costs for audio transcriptions; and the copying costs of $371.24.

## II. STANDARD

Under Rule 54 of the Federal Rules of Civil Procedure, "[u]nless a federal statute, [the] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Costs" and "expenses" are not synonymous; rather, absent statutory authorization, only those items construed under 28 U.S.C. § 1920 may be taxed as costs by this court. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997) ("[T]he costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision."). Thus, the costs that the court may tax are:

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this title; (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828.

28 U.S.C. § 1920.

## III. DISCUSSION

The court has discretion to deny some of the costs incurred by the prevailing party, but if the court decides to deny granting the prevailing party its full costs, the "court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000). While the non-prevailing party's financial status is one factor that a court may evaluate in determining the amount of costs to tax, the court need not do so, and if the court does consider the party's financial status, the court "should require substantial documentation of a true inability to pay." *Id.* at 1039. For documentation to be substantial, the non-prevailing party must provide "more proof than simply 'self-serving statements that [one] is unable to pay the costs sought.'" *Morris v. Precoat Metals*, No. 2:11-cv-0053-SLB, 2013 WL 830868, at *7 (N.D. Ala. Mar. 4th, 2013) (alteration in original). "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman*, 229 F.3d at 1039.

The Defendants' original Bill of Costs sought to tax the Plaintiffs with costs of $4,173.23. The Plaintiff has disputed the entire amount. Based on a concession by the Defendants, the Defendants are now requesting that the court tax the Plaintiff with costs of $4,088.23. For the reasons set out below, the court finds that the appropriate amount to be taxed is $3,708.34.

## A. The Plaintiffs' General Objection

Plaintiff McKitt argues that he is unable to pay the costs requested by the Defendants. In support of his argument, the Plaintiff has submitted affidavits stating only his annual income of $83,600 and various alleged expenses, such as cancer-related medical expenses. No other documentation was provided. Because this court does not have to consider the Plaintiff's financial circumstances at all in this case, and because the Plaintiff has failed to present any additional evidence of his financial condition beyond his affidavit, this court will not reduce the amount of costs owed to the Defendants on the basis of the Plaintiff's finances. *See Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1288 (11th Cir. 2002) (affirming the district court's reasoning that the non-prevailing party had "failed to present sufficient evidence [with her motion to reduce costs] that she […] suffered from dire financial circumstances" because, as the Court of Appeals stated, "a district court may, but need not, consider financial status in making a costs award to a prevailing party").

## B. The Plaintiff's Specific Objections

The Plaintiff argues that all of the costs submitted by the Defendants for copying and for depositions were unnecessary for the litigation and should thus not be taxable. "There is a presumption in favor of awarding costs, but the party seeking recovery must show that the expenses were reasonable." *Maricus W. ex rel. Marvin M. v. Lanett City Bd. of Educ.*, 142 F. Supp. 2d 1327, 1329 (M.D. Ala. 2001). Costs for transcripts and copies of any materials are

awarded only if they are "necessarily obtained for use in the case." *See* 28 U.S.C. §§ 1920(2), (4); *see also U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 621–23 (11th Cir. 2000).

### 1. Costs of Transcripts

First, the Plaintiff contends, and the Defendants concede, that the expenses from obtaining condensed deposition transcripts and disc or computer-drive versions of deposition transcripts cannot be taxed, as they were created for the convenience of Defendants' counsel and were thus unnecessary. Because the Defendants concede this issue, the court will not analyze the issue any further, and the requested costs are reduced by $85.00 from $4,173.23 to $4,088.23.

Second, the court finds that the courier services used to deliver the deposition transcripts are ordinary business expenses and are thus not recoverable. *Preis v. Lexington Ins. Co.*, Civil Action No. 06-0360-WS-C, 2007 WL 3120268, at *4 (S.D. Ala. Oct. 22, 2007) (finding the amount charged for shipping five depositions to the plaintiffs in that case to be ordinary business expenses that were not recoverable). *But cf. Smith v. Quintiles Int'l*, No. 5:04-cv-657-Oc-10GRJ, 2007 WL 2412844, at *4 (M.D. Fla. Aug. 21, 2007) ("While normal postage charges for delivery of transcripts may be reasonable the Court concludes that Federal Express charges are not taxable because they are solely for the convenience of counsel for the Defendants."). The total costs are thus further reduced to $4,046.23 after subtracting the $42.00 requested for courier services.

Third, the court finds that the Defendants have not met their burden in showing that the requested audio transcriptions were necessary for this case. In his Opposition to the Defendants' Bill of Costs, the Plaintiff specifically objected to the Audio Transcription included in the

McKitt Itemization of Costs on the basis that "[t]here has been no showing that the cost of $252 for the [transcription] of an audio [recording] was reasonable and necessary." (Doc. # 68 at 3.) Once the Plaintiff raised his specific objection to the audio transcription cost, the Defendants had the burden of presenting some evidence of the necessity and reasonableness of the requested costs. *See Walker v. Bozeman*, 243 F. Supp. 2d 1298, 1308 (N.D. Fla. 2003) (stating that, after the non-prevailing defendant in that case filed its objections, "[t]he burden is on plaintiff, as the party seeking the award, to support the claim"); *Hillman v. Berkshire Med. Ctr., Inc.*, 876 F. Supp. 2d 122, 124 (D. Mass. 2012) ("The court believes, however, that once a non-prevailing party has raised specific objections to a bill of costs, the prevailing party must make some showing to establish that its costs are necessary and reasonable."); *see also Maricus W.*, 142 F. Supp. 2d at 1329 (stating that, "[i]f any party objects to the fees sought, the party seeking fees may submit additional evidence to justify its demand," but that "[d]ocumentation need not be extensive"). Here, despite the Plaintiff's objection to the audio transcription, the Defendants have not produced any argument or additional documentation supporting the necessity of the transcription. Instead, the Defendants' counsel only responds in his affidavit by stating "[w]ith […] respect to Exhibit 1, the $252.75 cost was paid to obtain a copy of the audio transcription of Plaintiff's unemployment hearing." (Doc. # 71-1 ¶ 8.) Exhibit 1 of the Defendants' Bill of Costs, however, shows a requested total amount of $320.75, not $252.75. (Doc. # 62 at 5.) Further, none of the itemized amounts refer to an unemployment hearing. Thus, the Defendants have not met their burden in showing that the audio transcriptions were necessarily obtained, and those costs will not be taxed to the Plaintiff. The total costs are therefore reduced from $4,046.23 to $3,793.48 after subtracting the $252.75 requested for audio transcription.

The Defendants have met their burden with the remaining depositions and associated costs. The Plaintiffs argue that the Defendants have not shown a need for either the deposition of the Plaintiff's physician or the deposition of the Plaintiff. Further, the Plaintiff argues that the depositions of Valencia Aaron and Stacy Taylor were unnecessary because the Defendants could have used the deposition transcripts from a parallel case in which the Defendants had already obtained those depositions. Despite the Plaintiffs' arguments, "the prevailing party is entitled to recover the costs of one copy of all depositions necessarily obtained for use in [a] case regardless of which party took the depositions." *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 243 (N.D. Ga. 1993). Further, "[a] district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *W&O*, 213 F.3d at 621. As discussed, the ultimate question is whether the depositions were necessarily obtained for use in the case. *Id.* Here, all of the remaining depositions were either used in the parties' summary judgment motions or were necessarily obtained by the Defendants. Specifically, although not included with the Defendants' Motion for Summary Judgment, the Defendants deposed the physician in this case because the Plaintiff claimed damages for emotional distress. Through this deposition, the Defendants were able to determine the full extent of these emotional distress claims. Further, Aaron, Taylor, and McKitt's depositions were all submitted with the parties' summary judgment motions. Thus, because all of the remaining depositions were either used in the parties' summary judgment motions or were otherwise necessarily obtained for use in this case, the Plaintiff's objections fail and the remaining depositions may be taxed.

## 2. Costs for Copying

After reviewing the itemized listing of the Defendants' copying expenses, the court has determined that the Defendants have not met their burden to show that the amounts of $45.54 for a FOIA request and $39.60 for postage were necessary for this case. Despite the Defendants' mere statement of the materials obtained through the FOIA request, the Defendants have not presented any reason, and the court cannot see one, as to why these materials were necessary. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, Case No. 11-62594-CIV, 2013 WL 2929464, at *2 (S.D. Fla. June 12, 2013) ("Even though the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party 'still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them.'" (quoting *Ferguson v. N. Broward Hosp. Dist.*, No. 10-61606-CIV, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011)) (alterations in original)). Further, postage costs are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Although the postage expenses were for sending nonparty subpoena through certified mail, such costs are ordinary business expenses that are not recoverable. *See Preis v. Lexington Ins. Co.*, Civil Action No. 06-0360-WS-C, 2007 WL 3120268, at *4 (S.D. Ala. Oct. 22, 2007) (finding the amount charged for shipping five depositions to the plaintiffs in that case to be ordinary business expenses that were not recoverable); *cf. W&O, Inc.*, 213 F.3d at 623 (allowing for an award of costs for private process server fees). Thus, the total costs in this case are further reduced to $3,708.34, reflecting a total decrease of $85.14.

The Defendants have met their burden of showing that the intra-firm copying costs were necessary in this case. Costs for copies of documents that are filed with the court or opposing

counsel are recoverable. *Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1298 (M.D. Ala. 2012). Here, the Defendants state that they were unable to file their exhibits through the court's electronic filing system due to technical difficulties. As a result, the Defendants made copies of the exhibits and supplied them to the court and to opposing counsel. Because those copies were for the court and the non-prevailing party, and not for the prevailing party's convenience, and because those copies were made necessary by technical difficulties, the copies were necessarily obtained and will be taxed to the Plaintiff.

The Defendants have met their burden with the remaining costs for copying medical records in this case. In the Defendants' itemization and supporting affidavit, the copied materials all concerned the Plaintiff's medical history. Because the Plaintiff claimed damages for emotional distress, the Plaintiff's medical records would necessarily be obtained for this case. Thus, because all of the remaining copied documents concern medical records and were therefore necessary for this case, the Defendants are entitled to the costs of those documents.

In conclusion, the court will reduce the original $4,173.23 included in the Bill of Costs by $464.89, which results in a new final amount of $3,708.34.

## IV. CONCLUSION

For the foregoing reasons, it is ordered as follows:

1. Plaintiff's Objection to the Defendants' Bill of Costs (Doc. # 68) is SUSTAINED in part and OVERRULED in part as set forth above.

2. The court taxes the sum of $3,708.34 against Plaintiff Stephen McKitt.

DONE this 26th day of November, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE